**Carol SEITHEL, et al.,
Plaintiffs-Appellants,**

v.

**Karen CLIFFORD,
Defendant-Respondent.**

**No. 48519.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Edward Delworth, Overland, for plaintiffs-appellants.

F. Douglas O'Leary, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff Carol Seithel appeals from a judgment for defendant in an action for personal injuries she sustained in a one car automobile crash. Her parents, plaintiffs Lawrence and Dorothy Seithel appeal from the judgment for defendant on their derivative claim for medical expenses. Carol Seithel was a passenger in a car driven by defendant Karen Clifford.

Plaintiffs' sole point on appeal is that the trial court erred in submitting a converse instruction on both of the plaintiffs' verdict directing instructions. They contend that when multiple plaintiffs submit the same theory of recovery (here res ipsa loquitor negligence) only one instruction conversing that theory may be given.

The facts are not in dispute. The automobile collision which gave rise to the lawsuit resulted when the automobile operated by defendant left the roadway and struck a telephone pole. Appellant Carol Seithel sued for her injuries and her parents, appellants Lawrence and Dorothy Seithel, sued on their derivative claim for medical

expenditures and loss of services. The jury returned its verdict for the driver.

Plaintiff Carol submitted the following instruction:

### INSTRUCTION NO. 8

Your verdict must be for plaintiff Carol Seithel if you believe:

First, defendant Karen Clifford was the driver of the automobile, and

Second, the automobile left the street and struck a telephone pole, and

Third, from the facts in evidence and the reasonable inferences therefrom, you find such occurrence was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence plaintiff Carol Seithel sustained damage. [MAI 31.02(2)].

The verdict directing instruction for appellants Lawrence Seithel and Dorothy Seithel was the same as Instruction No. 8 except the following paragraph Fourth, was submitted,

### INSTRUCTION NO. 12

Fourth, as a direct result of such negligence plaintiffs Lawrence Seithel and Dorothy Seithel's child Carol Seithel was injured and plaintiffs Lawrence Seithel and Dorothy Seithel thereby sustained damage. [MAI 31.02(2) and 31.04]

The converse instructions were as follows:

### INSTRUCTION NO. 9 [and No. 13]

Your verdict must be for defendant on the claim[s] of Carol Seithel [Lawrence Seithel and Dorothy Seithel] unless you believe that defendant was negligent. [MAI 33.03(2)]

Appellants contend it is error to give two converse instructions conversing the same theory of liability. The cases cited by appellants are inapposite because they were decided prior to the implementation of the "packaging" concept of instructing juries which was ordered by the Supreme Court, effective January 1, 1982.

The MAI explanation on packaging states:

It will be up to the trial judge to determine the basis for single 'packaging' of a complex case so that the overall instructions will present the case to the jury in a manner which will thus allow them to consider all the issues in the case in an organized, understandable, and comprehensible manner. In most instances, the case should be packaged so that the claim for damages of each party asserting a claim for damages will be covered by a separate package. MAI No. 2.00 at 21. (3rd Ed., 1981).

The explanation adds: " '[p]ackaging' is not intended to be a rigid set of rules." MAI No. 2.00 at 24. (3rd Ed., 1981).

The MAI explanation gives as an example the case where a plaintiff's wife brings a claim for loss of consortium, along with the husband's claim in a personal injury case. The explanation states:

... [t]his would be a separate claim and would be included in a second package. Since plaintiff [husband's] contributory negligence would also bar his wife's claim for consortium, similar contributory negligence instructions [would] be included in both packages. *This is necessary so that each claim will contain all of the instructions, except the general instructions, which are necessary for the complete submission of that particular claim.* MAI No. 2.00 at 21–22. (3rd Ed.1981). (emphasis added)

This court recently held, in a wife's suit for medical malpractice and her husband's derivative action for loss of consortium, that "the converse given for the wife's verdict director could be used again in the husband's package 'so that each claim will contain all the instructions ... which are necessary for the complete submission of that particular claim.'" *Stephen v. Lindell Hospital,* 681 S.W.2d 503, 508 (Mo. App.1984). This decision is controlling here.

Finding no error in the use of the same converse in both packages of instructions we affirm the trial court judgment.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.